UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIBERTY MUTUAL INSURANCE CO.,

        Plaintiff,                              Case No. 16-cv-10423

v.                                                 Honorable Thomas L. Ludington

DEVERE CONSTRUCTION CO., INC., et al.,

        Defendants.

_____/

**ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION, ENJOINING AND RESTRAINING CERTAIN TRANSFERS, DIRECTING PRODUCTION, OPENING LIMITED DISCOVERY, DIRECTING EXECUTION OF JOINT DEFENSE AGREEMENT, CONTINUING CONSIDERATION OF MOTION FOR PRELIMINARY INJUNCTION, DIRECTING SUPPLEMENTAL BRIEFING, AND DIRECTING APPEARANCE AT SETTLEMENT CONFERENCE**

On March 14, 2016, Plaintiff Liberty Mutual Insurance Company filed a motion for a preliminary injunction. A hearing on the motion was scheduled for April 5, 2016 at 2:00 p.m. The hearing was converted to a status conference as a result of time contraints. At the status conference, the parties discussed their disagreement over Plaintiff's request for relief.

The contracts at issue in the dispute support Liberty Mutual's claim for injunctive relief, particularly the requirement that Defendants post collateral in the amount of Liberty Mutual's perceived liability. Defendants' main argument against being required to post collateral was its claim that sufficient receivables and anticipated receivables remained in the underlying construction contracts to make Liberty Mutual whole.

Liberty Mutual, in addition to seeking collateral, sought the production of Defendants' books and records, consistent with the terms of the surety contracts. Liberty Mutual also sought,

and the parties agreed to, a prohibition on any transfers made by Defendants out of the ordinary course of business.

Because the underlying surety contracts contain provisions that support the relief sought by Liberty Mutual, its motion will be granted in part. A thirty day limited discovery period will be imposed to allow the parties to obtain the information they seek. Liberty Mutual will be permitted access to Defendants' books and records and financial information related to projects underlying the surety bonds. Defendants will be permitted discovery into Liberty Mutual's assessment of its own liability and the reasonableness of that assessment. Defendants will not be permitted to inquire into any actual liability incurred by Liberty Mutual through the payment or settlement of claims. Such inquiries are not warranted by the contracts or relevant caselaw. *See, e.g.*, *Safeco Ins. Co. of Am. v. Oakland Excavating Co.*, Case No. 08-10546, 2009 WL 1658404, at *4 (E.D. Mich. June 12, 2009) (discussing relevant caselaw).

After limited discovery has closed, the parties will submit briefs supplementing Liberty Mutual's motion for a preliminary injunction. The briefs should address the appropriate amount of collateral that Defendants shall post in light of the limited discovery period.

Accordingly, it is **ORDERED** that Plaintiff's motion for a preliminary injunction is **GRANTED in part**.

It is further **ORDERED** that Defendants are **ENJOINED** and **RESTRAINED** from selling, transferring, disposing, or liening their assets and property, and from allowing their assets and property to be liened until further order of this Court.

It is further **ORDERED** that Defendants are **DIRECTED** to produce documents and testimony in conformity with the following:

   a. Affirmative Claims and other documents. Within five (5) business days, Defendants shall provide, or direct their attorneys and/or consultants to provide, Liberty Mutual

copies of Defendants' books and records related to the affirmative claims set forth in Exhibit A to this Order and for projects bonded by Liberty Mutual, including, all as-built drawings, manuals, and close-out documents required under DeVere's contracts and the bonded projects, whether in Defendants' possession or in the possession of third parties, including, but not limited to, Defendants' attorneys and/or consultants. The affirmative claim documents are for the claims identified by project on Exhibit A to this Order and said documents that shall be produced include, but are not limited to, the following:

i. Change Orders with the Owner – including all supporting documentation, but not limited to the following:

   (1) Fully Executed Change Orders;

   (2) Approved Change Orders; including those pending execution;

   (3) Submitted Change Order Reqeusts – pending Owner review;

   (4) Received Change Orders – pending review and/or response;

   (5) Received Change Orders or Change Order Requests – pending final close-out conference;

   (6) Change orders with supporting documentation from subcontractors, including open and processed;

ii. Project Logs, Meeting Minutes and Reports with pertinent dates (e.g. dates received, approved, transmitted, returned, forwarded to vendors, etc.) including, but not limited to the following:

   (1) Change Order (CO) / Change Order Proposal (COP);

   (2) Request for Information (RFI);

   (3) Submittals / Shop Drawings;

   (4) Proposed Change Request (PCR);

   (5) Construction Change Request (CCR);

   (6) Defects / Deficiencies;

iii. Correspondence including, but not limited to the following:

   (1) Formal notices of delay, impacts, or changed conditions;

   (2) Contractor claims for additional cost or time impacts;

   (3) Inclement weather claims;

   (4) Notices of claims resolution, settlement, or withdrawal;

iv. Supporting documentation including, but not limited to the following:

   (1) Delay claim documentation including but not limited to emails, letters, meeting minutes, proposal requests, baseline and progress schedules;

   (2) Final quantity disputes, requests for time, or other unresolved changes;

      (3) Unforeseen condition claims, notes, emails, notices, time impacts, and costs;

      (4) Time impact analyses with complete supporting documentation including base line schedules and updated schedules;

   v. Active or pending lawsuits including, but not limited to the following:

      (1) Claim documentation against subcontractors for delays;

      (2) Claim documentation from subcontractors for delays;

      (3) Claim documentation from subcontractors for additional costs;

      (4) Documentation of any suit in progress;

      (5) Documentation of any mediation preparation, notes, minutes, summaries, partial or proposed settlements, and attendees;

      (6) Documentation concerning any affirmative claims and/or defenses;

   vi. Any and all other documents beside the foregoing documents that any one or more of Defendants claim are otherwise relevant to the instant litigation;

   vii. And any additional documents Liberty Mutual determines necessary based on its review of the initial documents requested above.

b. As it relates to Defendants financial records, Defendants shall produce the following documents for period ranging from December 31, 2009 to the present:

   i. Any and all documents and correspondence evidencing, embodying, and/or relating to financial statements; tax returns; monthly, quarterly, and yearly statements relating to investment accounts, brokerage accounts, and bank accounts (deposit accounts, savings accounts, checking accounts, or other accounts); and loan or credit arrangements;

   ii. Any and all documents and correspondence that reflect, evidence, and/or identify the ownership interests of each and every asset and real estate owned by Defendants;

   iii. Any and all documents and correspondence that reflect, evidence, and/or identify any sale, transfer, and/or conveyance of any ownership interest in any assets/real estate owned by Defendants.

   iv. Any and all documents and correspondence that reflect, evidence, and/or identify the receipt in exchange for the sale, transfer, or conveyance of any ownership interest in any of the assets/real estate owned by Defendants; and

   v. Any and all documents and correspondence that reflect, evidence, and/or identify the conveyance, transfer, gift, or sale of any ownership interest of any of the assets/real estate owned by Defendants.

It is further **ORDERED** that Plaintiff Liberty Mutual is **DIRECTED** to produce documents and testimony in conformity with the following:

a. Copies of all payment bond claims Liberty Mutual has received relating to DeVere or any of its affiliated/related companies.

b. Copies of all performance bond claims Liberty Mutual has received relating to DeVere or any of its affiliated/related companies.

c. Copies of all documents (of any type or form) allegedly reviewed and supporting the assertions set forth in the Declaration of Munther S. Shamieh and any attachment/exhibit thereto.

d. Copies of all documents (of any type or form) allegedly reviewed and supporting the assertions set forth in the Declaration of Ron E. Boyle and any attachment/exhibit thereto.

e. Copies of all documentation (of any type or form) evidencing the remaining original bid amount available to pay for the completion of each performance bond claim identified in paragraph b.

f. Copies of all documentation (of any type or form) evidencing the completion costs for each performance bond claim identified in paragraph b.

g. Copies of all documentation (of any type or form) evidencing Liberty's claim that it has liability/exposure under the payment and performance bond claims identified in response to requests a and b, including, without limitation, documentation supporting the amount of the liability/exposure with respect to each claim.

h. Copies of all documentation (in any type or form) evidencing communications between Liberty and North Carolina Department of Transportation relating to the payment and performance bond claims identified in response to paragraphs a and b.

i. Copies of all documentation (in any type or form) between Liberty and any obligee relating to the performance and payment bond claims identified in response to paragraphs a and b.

It is further **ORDERED** that the parties are **DIRECTED** to execute a Joint Defense Agreement to be drafted by Liberty Mutual that provides, in part, that (a) Liberty Mutual owns and shall pursue the Affirmative Claims on Exhibit A to this Order, (b) Defendants shall cooperate with Liberty Mutual and provide documentation and testimony to support said claims, and (c) Liberty Mutual shall pay the costs and expenses of pursuing the Affirmative Claims with counsel and experts of its choice.

It is further **ORDERED** that the limited discovery period **CLOSES** on May 13, 2016.

It is further **ORDERED** that further consideration of Plaintiff Liberty Mutual's Motion for Preliminary Injunction, ECF No. 21, is **CONTINUED**.

It is further **ORDERED** that the parties are **DIRECTED** to submit supplemental briefs, in conformity with the direction herein, according to the following schedule:

| | |
|---|---|
| Plaintiff's Ten (10) Page Supplemental Brief: | May 20, 2016 |
| Defendants' Ten (10) Page Supplemental Response: | May 27, 2016 |
| Plaintiff's Seven (7) Page Supplemental Reply: | June 3, 2016 |
| Defendants' Seven (7) Page Supplemental Surreply: | June 10, 2016 |

It is further **ORDERED** that the parties are **DIRECTED** to appear for a settlement conference on **June 15, 2016 at 2:00 p.m.**

Dated: April 14, 2016  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager