UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIBERTY MUTUAL INSURANCE CO.,

                Plaintiff,                        Case No. 16-cv-10423

v.                                      Honorable Thomas L. Ludington

DEVERE CONSTRUCTION CO., INC., et al.,

                Defendants.

_____/

**ORDER CANCELLING HEARING, GRANTING PRELIMINARY INJUNCTION,
REQUIRING POSTING, GRANTING MOTION FOR LEAVE TO AMEND,
AND DIRECTING FILING**

On March 14, 2016, Plaintiff Liberty Mutual Insurance Company filed a motion for a preliminary injunction. A hearing on the motion was scheduled for April 5, 2016 at 2:00 p.m. The hearing was converted to a status conference as a result of time constraints. At the status conference, the parties discussed their disagreement over Plaintiff's request for relief.

The contracts at issue in the dispute support Liberty Mutual's claim for injunctive relief, particularly the requirement that Defendants post collateral in the amount of Liberty Mutual's perceived liability. Defendants' main argument against being required to post collateral was its claim that sufficient receivables and anticipated receivables remained in the underlying construction contracts to make Liberty Mutual whole.

Liberty Mutual, in addition to seeking collateral, sought the production of Defendants' books and records, consistent with the terms of the surety contracts. Liberty Mutual also sought, and the parties agreed to, a prohibition on any transfers made by Defendants out of the ordinary course of business.

Supplemental briefing was ordered following discovery by Liberty into Defendants' books and records and financial information related to projects underlying the surety bonds and Defendants' discovery into Liberty Mutual's assessment of its own liability and the reasonableness of that assessment.

The parties timely submitted their supplemental briefs. The briefs do not reveal that any relevant information has been uncovered that would suggest that the amount of the posting requirement requested by Liberty is unreasonable. Defendants continue to argue that sufficient receivables remain in the uncompleted construction projects to satisfy all of the claims that Liberty has received under the contracts (from subcontractors, suppliers, etc.). But that argument does not address the purpose of the posting requirement. That purpose, as numerous courts have recognized, is to avoid Liberty having to furnish any of its own capital to cover payment gaps between payables and receivables related to the contract. *See, e.g.*, *Safeco Ins. Co. of Am. v. Oakland Excavating Co.*, Case No. 08-10546, 2009 WL 1658404, at *4 (E.D. Mich. June 12, 2009) (requiring collateral posting for potential loss if claims must be paid and discussing relevant caselaw). That is, the posting requirement in the contract requires Defendants to finance the payment claims, rather than Liberty. It may be that Defendants recuperate some or all of the money posted to satisfy claims in the interim because there are sufficient receivables and funds in the contracts to cover expenses. But that does not mean that Defendants are not required to cover expenses in the interim.

Defendants will be required to post collateral in the amount of $12,500,000. This amount is justified by Liberty's representations that it has received payment bond claims in excess of $13,000,000. Liberty justifies the amount by adding Defendants' contract payables of $10,000,000 to Liberty's gap financing of $2,500,000. Defendants requested the $2,500,000 gap

financing when it faced a shortfall between its receivables and payables on a project for the North Carolina Department of Transportation. The NCDOT was withholding certain receivables because it believed the performance of Defendants was deficient in certain material respects. Defendants began struggling to satisfy their payables and sought a loan from Liberty to that end. Defendants hoped the gap financing would allow them to salvage the contract projects by keeping contractors working on the jobs while they sorted out the dispute with NCDOT.

But Liberty has no interim liability in the amount of $2,500,000. That amount is owed by Defendants but does not fall within the type of exposure that the posting requirement is designed to protect Liberty from. The estimated $13,000,000 in payment bond claims is, however. That amount is sufficient to justify the $12,500,000 posting request.

Finally, Defendants have filed a motion for leave to file a second amended answer. Liberty does not oppose the request. Defendants' motion will be granted and they will be directed to file their second amended answer on the docket.

Accordingly, it is **ORDERED** that the hearing scheduled for June 15, 2016, at 2:00 p.m. is **CANCELLED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

It is further **ORDERED** that Plaintiff Liberty Mutual's Motion for a Preliminary Injunction, ECF No. 21, is **GRANTED**.

It is further **ORDERED** that Defendants are **DIRECTED** to post collateral with Liberty Mutual **in the amount of $12,500,000.00 on or before June 24, 2016**.

It is further **ORDERED** that Defendants' Motion to Amend, ECF No. 50, is **GRANTED**.

It is further **ORDERED** that Defendants are **DIRECTED** to file their second amended answer on the Court's docket **on or before June 17, 2016**.

Dated: June 15, 2016

<u>s/Thomas L. Ludington</u>
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 15, 2016.

<u>s/LISA WAGNER</u>
Lisa Wagner  Acting in the Absence of
Michael A. Sian, Case Manager

---