UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIBERTY MUTUAL INSURANCE CO.,

       Plaintiff,                                Case No. 16-cv-10423

v.                                              Honorable Thomas L. Ludington

DEVERE CONSTRUCTION CO., INC., et al.,

       Defendants.

_____/

**ORDER GRANTING MOTION TO COMPEL, DIRECTING POSTING OF COLLATERAL, IMPOSING CIVIL SANCTION, DENYING IN PART MOTION TO QUASH, AND DIRECTING SUBMISSION OF STIPULATED PROTECTIVE ORDER**

**I.**

On March 14, 2016, Plaintiff Liberty Mutual Insurance Company filed a motion to compel Defendants to comply with this Court's June 15, 2016 Order directing Defendants to post $12,500,000 in cash collateral with Liberty on or before June 17. *See* Pl.'s Mot. Compel, ECF No. 60. This is the second motion to compel that Liberty has filed alleging non-compliance by Defendants with an order of this Court. *See* Pl.'s Mot. Compel, ECF No. 55.

As explained in the Court's June 15, 2016 Order, the posting of cash collateral by indemnitors (here, Defendants) is an important element to the operation of construction performance and completion bonds. This obligation exists under the bond contracts irrespective of the likelihood that the incomplete projects (which Defendants are admittedly unable to complete) will be profitable. It matters only that Liberty has received claims for payment from subcontractors. Liberty has no obligation to finance accounts payable on the construction projects with its own funds. The parties have bargained under the contract to assign that

responsibility to Defendants. The June 15, 2016 Order puts into effect that obligation. Defendants, by representation of Liberty, have not complied with the directive to post cash collateral.

Defendants responded to Liberty's motion by claiming that they have been unable to post the necessary collateral because it has been difficult to secure appropriate financing. This is Defendants' first representation that they are unable to meet the posting requirement in the bond. Defendants represent that they "need additional time to pursue possible financing. Otherwise, bankruptcy is likely." Pl.'s Resp. 2, ECF No. 65. That may be, but because Defendants have not sought the protections of a bankruptcy proceeding, they are still under court order to post the required collateral. They concede that they have not complied with the Court's order.

Plaintiff's motion to compel compliance will be granted. Defendants will be given one week from the entry of this order to post the required $12.5 million in collateral. If Defendants do not post collateral within one week, they will be subject to a daily $2,500 civil sanction, to be paid to Plaintiff. Plaintiff shall file a notice on the Court's docket when Defendants meet their collateral posting requirement.

**II.**

On June 29, 2016, Defendants filed a motion to quash or, alternatively, for a protective order. ECF No. 63. Defendants seek to quash a subpoena that Plaintiff served upon First Federal of Northern Michigan seeking 20 years of information concerning Defendants' assets and liabilities (including personal financial information). Defendants argue that the subpoena is unduly burdensome, overbroad, and irrelevant.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ.

- 3 -

P. 26(b)(1). Defendants concede that this information is relevant to Plaintiff's claims because this Court entered an order permitting discovery into Defendants' assets for the purposes of determining Defendants' ability to meet their collateral posting requirement. Defendants stand as indemnitors on the bond agreements with Plaintiff. Thus, any losses incurred by Plaintiff must be borne by Defendants. That is part of the rationale behind the collateral posting requirement. Thus, the financial health of Defendants is entirely relevant. Defendants' motion to quash will be denied.[1]

Defendants also seek a protective order. Because discovery into the finances of Defendants may raise sensitive information related to both Defendants and non-parties, a protective order against the public disclosure of personal financial information is appropriate. The parties will be directed to submit a stipulated protective order setting forth terms for the disclosure and use of such information.

**III.**

Accordingly, it is **ORDERED** that Plaintiff Liberty Mutual's Motion to Compel, ECF No. 60, is Granted.

It is further **ORDERED** that Defendants are **DIRECTED** to post collateral with Liberty Mutual **in the amount of $12,500,000.00 on or before August 4, 2016**. Beginning on August 5, 2016, Defendants are subject to a daily civil sanction of $2,500 for each day they do not post the required collateral with Plaintiff Liberty. Defendants are to pay any sanction amount to Plaintiff Liberty the day it becomes due.

---

[1] Defendants argue that Plaintiff cannot use the request for collateral as justification for the subpoena because the Court has already granted Plaintiff that relief. Defendants, however, have not yet posted collateral, meaning that the point is not moot. To the contrary, Defendants' inability to post collateral makes the requested information entirely relevant.

- 4 -

It is further **ORDERED** that Defendants' Motion to Quash, ECF No. 63, is **DENIED in part**.

It is further **ORDERED** that the parties are **DIRECTED** to submit a stipulated protective order in compliance with the terms set forth above **on or before August 1, 2016**.

Dated: July 28, 2016                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2016.

                        s/Michael A. Sian
                        MICHAEL A. SIAN, Case Manager

---