UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIBERTY MUTUAL INSURANCE CO.,

        Plaintiff,                            Case No. 16-cv-10423

v.                                                Honorable Thomas L. Ludington

DEVERE CONSTRUCTION CO., INC., et al.,

        Defendants.
_____/

**ORDER CANCELLING HEARING, DENYING MOTION FOR RECONSIDERATION, GRANTING MOTION TO COMPEL COMPLIANCE WITH THE COURT'S PRIOR DISCOVERY ORDERS, IMPOSING SANCTIONS, GRANTING MOTION TO AMEND SCHEDULING ORDER, DENYING MOTION TO STRIKE DEFENDANTS' REPLY TO RESPONSE AND SETTING IN-PERSON STATUS CONFERENCE**

Plaintiff Liberty Mutual Insurance Company provided a number of payment and completion bonds to Defendants, a variety of construction companies with contracts to complete a number of projects for the State of North Carolina and North Carolina counties and local municipalities. On June 15, 2016, the Court issued an order that granted Plaintiff's motion for a preliminary injunction and ordered Defendants to post collateral. ECF No. 56. On July 28, 2016, the Court issued an order which again directed Defendants to post collateral in the amount of $12,500,000 with Plaintiff and imposed daily sanctions for delay. ECF No. 70. On August 3, 2016, Defendants filed a motion for reconsideration of the Court's June 15, 2016, and July 28, 2016, orders. ECF No. 72. In that order, Defendants argued they were unable to afford to post the collateral as directed. They further argued that they did not wish to declare bankruptcy and requested that the Court "supervise the orderly liquidation" of the Defendants' assets. *Id.* at 2. On August 4, 2016, Plaintiff filed a motion to compel compliance with the Court's April 14, 2016,

and July 26, 2016, orders. ECF No. 73. Plaintiff argued that Defendants have refused to produce their financial documents in violation of two court orders. Plaintiff is requesting sanctions.

On August 29, 2016, Plaintiff filed a motion to amend the scheduling order. ECF No. 79. In support of its motion, Plaintiff argues that Defendants' refusal to produce all relevant financial documents has unduly delayed litigation proceedings. Finally, on August 30, 2016, Plaintiff filed a motion to strike Defendants' reply to Plaintiff's response to the motion for reconsideration. ECF No. 81. Plaintiff argues that Defendants were not authorized to file the reply brief.

Defendants' motion for reconsideration will be denied, Plaintiff's motion to compel discovery will be granted, the motion to amend scheduling order will be granted, and the motion to strike the response will be denied.

**I.**

This case arises out of a number of payment and completion bonds which Plaintiff provided to Defendants. *See* Compl. at 4–7, ECF No. 1. Plaintiff's allegations in the complaint are as follows. The contract between the parties included an indemnity agreement whereby Defendants agreed to indemnify for all liability, losses, and expenses that Plaintiff incurred by executing the bonds. *Id.* at 9. The agreement also required the Defendants to provide Liberty collateral security upon demand. *Id.* at 10. After issuing the bonds, Plaintiff received numerous claims from third parties alleging that Defendants did not perform the underlying construction contracts. *Id.* at 21–28. Plaintiff then requested Defendants to post collateral and indemnify it from the claims, which Defendants have not done. *Id.* at 29.

On April 14, 2016, the Court issued an order which granted in part Plaintiff's request for a preliminary injunction and ordered the parties to conduct discovery and then submit briefs addressing the appropriate amount of collateral for Defendants to post. ECF No. 41. On June 15.

2016, the Court issued an order directing Defendants to post collateral in the amount of $12,500,000. ECF No. 56. Defendants did not post the collateral, and on June 27, 2016, Plaintiff filed a motion to compel Defendants to post the collateral. ECF No. 60. On July 28, 2016, the Court granted that motion to compel and further ordered that Defendants would be subject to a daily civil sanction of $2,500 for each day past August 4, 2016, that Defendants did not post the collateral. ECF No. 70. Defendants argued that they needed additional time to pursue funding for the collateral. They further asserted that bankruptcy was likely if they were not afforded time to secure financing. The Court rejected Defendants' arguments: "because Defendants have not sought the protections of a bankruptcy proceeding, they are still under court order to post the required collateral." *Id.* at 2.

Defendants have now filed a motion for reconsideration of the July 28, 2016 order. ECF No. 72. Plaintiffs have filed a motion to compel compliance with the Court's previous orders directing Defendants to produce financial documents. ECF No. 73.

## II.

### A.

As a preliminary matter, Plaintiff has moved to strike Defendants' reply brief, ECF No. 80, which was filed in support of its motion for reconsideration. ECF No. 81. Eastern District of Michigan Local Rule 7.1(h)(2) does not allow responses to motions for reconsideration unless ordered by the Court. Here, the Court ordered Plaintiff to respond to the motion, but did not grant Defendant leave to file a reply. ECF No. 76. The Court would be within its discretion to strike Defendants' reply brief. *See* E.D. Mich. L.R. 7.1(h). However, in the interest of allowing Defendants a full opportunity to respond to Plaintiff's arguments opposing the motion for

reconsideration, Defendants' reply brief will be accepted as filed. Accordingly, the motion to strike the reply brief will be denied.

**B.**

Defendants' motion for reconsideration will be denied. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also* Bowens v. Terris, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

In the motion for reconsideration, Defendants argue that they do not have the financial resources to post the collateral. Further, they are unwilling to declare bankruptcy because they believe it would "unnecessarily expend funds to the detriment of creditors." Mot. Reconsideration. at 2, ECF No. 72. Defendants request that the Court supervise the "orderly liquidation" of Defendants' assets. *Id.* In response to Defendants' motion, Plaintiffs make several arguments.

Plaintiff first argues that Defendants' motion for reconsideration is untimely because the motion asks the Court to reconsider the July 28, 2016, order *and* the June 15, 2016, order. The

motion for reconsideration was not filed until August 3, 2016, which is more than fourteen days after the June 15, 2016, order was issued. However, district courts have discretionary power to reconsider, rescind, or modify an interlocutory order any time before entry of a final judgment. *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 946 (6th Cir. 2004). Further, Defendants' motion for reconsideration is clearly timely as regards the July 28, 2016 order. Because any reconsideration of the July 28, 2016, order will analyze essentially the same conceptual ground covered in the June 15, 2016, order, there is no reason to artificially limit the inquiry. Accordingly, Defendants' motion for reconsideration will not be denied as untimely.

Second, Plaintiff argues that Defendants did not seek Plaintiff's concurrence with the motion before filing. Eastern District of Michigan Local Rule 7.1(a) requires parties to seek concurrence from opposing counsel on a motion before filing it. The record of emails between the parties reveals that Defendants' counsel initially informed Plaintiff's counsel that Defendants would be filing the motion on August 3, 2016 at 12:35 p.m. Email I, ECF No. 80, Ex. 1. In the email, Defendants stated they would presume lack of concurrence if Plaintiff did not respond by 2:00 p.m. *Id.* Plaintiff's counsel replied at 12:52. Email II, ECF No. 80, Ex. 2. Plaintiff indicated that it did not concur and requested that Defendants articulate the legal basis for the motion. *Id.* At 2:38 p.m., Defendants' counsel emailed Plaintiff's counsel the proposed motion and brief. Email III, ECF No. 80, Ex. 3. Defendants offered to discuss the motion over the phone and indicated that nonconcurrence would be presumed if there was no response by 2:50 p.m. *Id.* At 3:30 p.m., Plaintiff's counsel replied. Email IV, ECF No. 80, Ex. 4. She asserted that twelve minutes was insufficient time to respond and that the motion was untimely. *Id.*

Defendants' efforts at seeking concurrence were sufficient. Defendants gave Plaintiff several hours of warning that it was filing the motion. Even though the initial email did not

include a detailed explanation of the grounds for the motion, later emails did. And the first email did indicate that the motion for reconsideration would request that the Court reconsider its prior orders regarding the posting of collateral. Thus, Plaintiff could have anticipated that Defendants were asking the Court to reconsider its June 15, 2016, order and informed Defendants that it believed the motion was untimely even without seeing the actual text of the motion. Allowing opposing counsel only twelve minutes to respond is not a best practice, and Defendants' counsel is advised to make a more detailed disclosure and allow more time for response in the future. But because Defendants did request concurrence on the motion, Defendants' motion for reconsideration will not be stricken.

Finally, Plaintiff argues that Defendants' motion for reconsideration should be denied because the motion does not identify a palpable error in the Court's previous orders. Defendants' motion does not raise any argument that the Court has not previously considered. The primary argument Defendants make in the motion for reconsideration is that Defendants cannot afford to pay the collateral. But "ability to pay is not a factor in determining the appropriateness of specific performance of the collateral security provision." *Safeco Ins. Co. v. DeMatos Enterprises, Inc.*, No. CIV.A. 02-CV-2899, 2003 WL 21293825, at *4 (E.D. Pa. Apr. 10, 2003). In fact, collateral security provisions are typically important only when there is uncertainty regarding the debtor's ability to fulfill all obligations to the creditor. Thus, collateral security provisions would be largely unenforceable if financial issues excused nonperformance.

Further, the Court already considered Defendants' financial difficulties when ordering them to post the collateral in the first place. In its July 28, 2016, order, the Court explained that Defendants' financial struggles and inability to obtain financing for the collateral was no reason to excuse their refusal to post the collateral. ECF No. 70 at 2. "[B]ecause Defendants have not

sought the protections of a bankruptcy proceeding, they are still under court order to post the required collateral." Nothing has changed since that order. Defendants are still facing financial issues and have apparently elected against bankruptcy protection. Defendants' motion for reconsideration not only does not indicate a palpable defect in the Court's prior orders, but it also merely reiterates prior arguments made. As noted, that is insufficient under the local rules to justify reconsideration of a prior order. *See* E.D. Mich. L.R. 7.1(h)(3).

Defendants only remaining argument in support of its motion for reconsideration is that this Court can supervise the orderly liquidation of Defendants' assets less expensively than a bankruptcy court. But bankruptcy courts are specialists in efficiently and fairly administering bankruptcy proceedings, and the Bankruptcy Code is written to specifically address the problems that arise with insolvency. One of the primary purposes behind bankruptcy proceedings is to "bring about a ratable distribution among creditors of a bankrupt's assets [and] to protect the creditors from one another." *Young v. Higbee Co.*, 324 U.S. 204, 210 (1945). If Defendants are worried that their creditors will be harmed during Defendants' liquidation, they should seek bankruptcy protection because it provides special protection for both debtors and creditors that this Court cannot easily duplicate. Moreover, the Bankruptcy Code also provides an automatic stay of all collection proceedings that is initiated upon commencement of the bankruptcy case. *In re Broadrick*, 532 B.R. 60, 70 (Bankr. M.D. Tenn. 2015). The stay protects "debtors and creditors alike" and provides the debtor breathing room from creditors. *Id.* Although Defendants argue that bankruptcy proceedings will incur costs and thus deplete funds available to creditors, bankruptcy proceedings are designed to ensure that creditors receive an equitable distribution. The fees involved with bankruptcy proceedings are justified by the certainty and oversight that specialized bankruptcy proceedings provide. If this Court attempted to supervise Defendants'

liquidation without the tools provided by bankruptcy law, the process would be unnecessarily complicated and likely less effective. Accordingly, the Court declines to disregard the bankruptcy court's unique position as the arbiter and protector of the rights of creditors and debtors.

## C.

Plaintiff's motion to compel compliance with the Court's previous orders regarding production of financial documents will be granted.[1] On April 14, 2016, the Court ordered Defendants to produce, among other things, "any and all . . . statements relating to . . . bank accounts." ECF No. 41 at 4. On July 28, 2016, the Court denied Defendants motion to quash a subpoena that Plaintiff served on one of Defendants' banks. ECF No. 70 at 2–3. In that order, the Court asserted that the financial records sought were "relevant to Plaintiff's claims because" Defendants were contesting their ability to meet the collateral posting requirement. *Id.* at 3. Because the "financial health of Defendants [was] entirely relevant," and because "Defendants . . . [had] not yet posted collateral," the motion to quash was denied. *Id.*

Defendants have still not met the collateral posting requirement. Further, Defendants admitted in an August 3, 2016, email that Defendants' monthly bank statements are housed in a warehouse in Alpena, Michigan. Email from John Gannon at 1, ECF No. 75, Ex. 2. The Court ordered Defendants to produce those statements on April 14, 2016. Defendants have not offered a reason why the existence and location of these statements was not disclosed until August 3, 2016. Even now, Defendants have not provided the bank statements to Plaintiff. Rather, they

---

[1] Plaintiff indicates that this motion is directed only towards those Defendants who have not sought bankruptcy protection: DeVere Construction Co., Inc.; Crittendon Co., Inc.; Reds Traders Limited; DeVere Swepco JV, LLC; and DeVere Construction Co. – MI, LLC. Accordingly, the Court will order production of the financial records and impose sanctions against those Defendants only.

have offered to make the records available for review. *Id.* They have also indicated that Plaintiff can alternatively seek the statements from the financial institutions directly.

In response to Plaintiff's motion to compel, Defendants argue that they "have produced all of the information in their possession, custody, and control (including bank statements)." Def. Resp. to Mot. Compel at 5, ECF No. 75. But "documents are deemed to be within the 'control' of a party if it "has the legal right to obtain the documents on demand." *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008) (quoting *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995)). If Defendants have the authority to make the statements available to Plaintiff for review, they are under Defendants' control. Accordingly, Defendants are under an obligation to produce those documents in accordance with the Court's April 14, 2016, order.

Likewise, Plaintiff should not be required to choose, as Defendants suggest, between requesting the documents either from the financial institutions directly or from Defendants. Plaintiff is seeking the documents because Defendants have asserted they are financially unable to post the collateral requirement. Plaintiff should not be required to take Defendants' representation of financial inability as true without an opportunity to inspect Defendants' bank statements. Accordingly, and as stated in the Court's April 14, 2016, order, the bank statements are relevant. Further, Plaintiff can only subpoena financial institutions which it knows have records. Accordingly, Defendants' records will allow Plaintiff to ensure that it has discovered and investigated all of Defendants' financial accounts. Thus, Plaintiff's request for production of these records is not unnecessarily duplicative. Likewise, because Defendants have been under the obligation to produce these records since April 14, 2016, Plaintiff's current motion to compel is not a retaliatory response to Defendants' motion for reconsideration.

Accordingly, Defendants will again be ordered to produce their bank statements. Given Defendants' long and apparently unjustified delay in disclosing the location of these statements, sanctions are justified. Defendants should and must pay Plaintiff's attorney's fees and expenses incurred while seeking the statements. Plaintiff will be directed to file documentation of the costs it has incurred. If Defendants contest Plaintiff's documented expenses, Defendants may file a response to Plaintiff's request for expenses.

**D.**

Finally, Plaintiff has filed a motion to amend the scheduling order. Plaintiff argues that Defendants' delay in making a complete production of their financial records has delayed litigation and prevented Plaintiff from engaging in full discovery. Plaintiff requests that the Court permit the parties to submit a proposed revised scheduling order within seven days of Plaintiff's receipt of the currently unproduced financial records or simply amend the scheduling order. Defendants have indicated that they do not oppose the motion to amend the scheduling order. Thus, the scheduling order will be amended.

**III.**

Accordingly, it is **ORDERED** that Defendants' motion for reconsideration, ECF No. 72, is **DENIED.**

It is further **ORDERED** that Plaintiff's motion to compel, ECF No. 73, is **GRANTED.** Defendants are **ORDERED** to immediately produce the financial records requested.

It is further **ORDERED** that Plaintiff is **DIRECTED** to submit a brief with accompanying documentation detailing the fees and expenses it has incurred seeking production of Defendants' financial records **on or before September 30, 2016.**

It is further **ORDERED** that any response to Plaintiff's request for fees and expenses be filed by Defendants **on or before October 7, 2016.**

It is further **ORDERED** that Plaintiff's motion, ECF No. 81, to strike Defendants' reply, ECF No. 80, is **DENIED.**

It is further **ORDERED** that Plaintiff's motion to amend the scheduling order, ECF No. 79, is **GRANTED.** The scheduling order is **AMENDED** as follows:

| | |
|---|---|
| Plaintiff's Expert Disclosures: | **October 28, 2016** |
| Defendants' Expert Disclosures: | **November 25, 2016** |
| Settlement Conference: | **December 7, 2016, at 3:00 p.m.** |
| Discovery Cutoff: | **December 16, 2016** |
| Dispositive Motions: | **January 27, 2017** |
| Pretrial Disclosures: | **March 31, 2017** |
| Motions in Limine: | **April 14, 2017** |
| Final Pretrial Conference: | **May 16, 2017, at 3:00 p.m.** |
| Trial: | **May 30, 2017, at 8:30 a.m.** |

It is further **ORDERED** that the hearing scheduled for September 19, 2016, at 2:00 p.m. is **CANCELLED.**

It is further **ORDERED** that the parties appear for a status conference **on October 25, 2016, at 4:00 p.m.**

Dated: September 14, 2016                               s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2016.

s/Michael A. Sian
MICHAEL A. SIAN